ABOY, VIDAL & CO., INC., Plaintiff and Appellee, v. LUIS GARÓFALO ET AL., Defendants and Appellants.

No. 4349. Argued December 14, 1928.—Decided June 19, 1929.

*Eduardo López Tizol* for the appellants.   *Juan Valldejuli* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Luis Garófalo and Mateo Albanese made a promissory note to Lee, Vidal & Bolívar, Inc., a corporation. The principal controversy in the present case is over the sufficiency of an endorsement made by the said Lee, Vidal & Bolívar, Inc., to the plaintiff corporation. The note as produced at the trial showed in the endorsement the date of the same and the

name of the endorser, as required by the Code of Commerce. The court rendered judgment for the plaintiff.

The first assignment of error is that the complaint with respect to the endorsement was insufficient. The 4th paragraph thereof is as follows:

"That on the 24th of December, 1925, and with a notification to the defendants, the said Lee, Vidal & Bolívar, Inc., made, signed and delivered to the plaintiff in this case the said promissory note with the appropriate endorsement which says: 'Pay to the order of Aboy, Vidal & Co., Inc., value understood (*entendido*).'"

In *Cintrón & Aboy* v. *Solá*, 22 P.R.R. 245, to quote the syllabus, it was said:

"It having been pleaded that the facts alleged in the complaint did not constitute a cause of action on the ground that the undated indorsement can be considered only as a commission to collect, the plaintiffs not being the owners of the note but merely assignees subrogated to the assigner, it was held whether the indorsement be considered as a commission to collect or as an assignment, a cause of action existed."

We have the idea, as had the court below, that even if the endorsement as quoted was not sufficient to enable the note to be sued on as a promissory note, yet it might have availed as a cession of rights, etc., as outlined in the said decision. We have a doubt, however, because the complaint is distinctly limited to a suit on a promissory note as endorsed, and no claim or attempt was made at the trial to consider the rights of the plaintiff as any other than those proceeding from a due endorsement.

What the plaintiff really should have done in this case at the trial was to amend its complaint to conform to the proof. The whole record convinces us that it could have done so without any real surprise to the defendants and without delaying the trial. Good practice at least requires that such an amendment should be made. In this particular case, however, no demurrer was filed to the complaint and we think the defendants were sufficiently notified as revealed at the trial.

Therefore, as it is a case of justice to the plaintiff, we shall consider the complaint as amended. *People* v. *Heirs of Valdés,* 31 P.R.R. 213; *Montalvo* v. *Teatro Caborrojeño,* 35 P.R. R. 718; *Dragoni* v. *U. S. Fire Ins.* Co., 36 P.R.R. 425; *Diego Agüeros & Co.* v. *Navarrete,* 37 P.R.R. 756; *Ismert Hinke Milling Co.* v. *Muñoz,* 37 P.R.R. 762; *F. Gavilán & Co.* v. *Widow of Garriga & Sons,* 38 P.R.R. 372.

Likewise we think section 142 of the Code of Civil Procedure is applicable. It is as follows:

"The court must, in every state of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect."

The first and fourth assignments of error are covered by the foregoing considerations.

We may say in passing that the failure of the complaint to show the authority of the treasurer of the payee corporation to endorse the note was a mere defect and, in the absence of demurrer directed to this matter, was curable at the trial and was so cured.

Similarly under paragraph 21 of section 102 of the Law of Evidence a consideration is presumed and the use of the words "value understood" does not destroy the presumption so created.

We can not agree with the appellants that a certificate from the Executive Secretary is not sufficient and primary proof of the existence of a corporation. The said officer has charge of the records of corporations and may certify to them. The presentation of the articles of incorporation is unnecessary. This covers the second assignment of error.

The third assignment of error needs no particular discussion.

As this is to be considered a suit on a promissory note duly endorsed, the supposed defenses of the original makers, defendants in this case, are unavailing. This was the object of the fifth assignment of error.

In response to the sixth assignment of error it is evident that the court had a right to fix interest from the date of the presentation of the complaint, even though the promissory note itself made no mention of interest.

This disposes, directly or indirectly, of all the assignments of error, and the judgment will be affirmed.